UNITED STATES COURT OF APPEALS
**Filed 4/9/96**TENTH CIRCUIT

_____

PAUL LUNA VASQUEZ,          )
                                          )
       Plaintiff-Appellant,     )
                                          )
     v.                       )          No. 95-1501
                                          )     (D.C. No. 95-S-1116)
                                          )        (D. Colo.)
ARISTEDES W. ZAVARAS, Executive  )
Director, Colorado Department of    )
Corrections; RANDY L. HENDERSON,  )
Warden at Centennial Correctional Facility; )
KATHLEEN L. BAXTER, Law Librarian )
at the Centennial Correctional Facility; RON )
GRANT, Lieutenant and Hearing Officer at )
the Centennial Correctional Facility; SUSAN )
JONES, Hearing Officer at the Centennial )
Correctional Facility; and John Doe,    )
Correctional Facility, Canon City, Colorado; )
individually and in their official capacities, )
                                          )
       Defendants-Appellees.   )

_____

ORDER AND JUDGMENT*

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

_____

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Plaintiff Paul Luna Vasquez, appearing pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff is an inmate in the Colorado state penal system. He filed this § 1983 action against the executive director and various employees of the Colorado Department of Corrections. Plaintiff alleged that, while he was incarcerated at the Centennial Correctional Facility, he was convicted of a discipline violation and sanctioned with 10 days of punitive segregation and 15 days of loss of good time. According to plaintiff, there were numerous constitutional deficiencies underlying the conviction and sanction, including lack of probable cause for the hearing, as well as procedural defects. He further alleged that, while confined in punitive segregation, he was deprived of legal materials and personal property was taken without being inventoried in his presence. He claimed the lighting, ventilation, recreation area, and dining area in segregation were inadequate. He also claimed inmates were reluctant to bring court actions against prison officials for fear of retaliation.

A magistrate judge concluded (1) the supervisory officials named as defendants could not be held liable under § 1983 merely by virtue of their capacities; (2) plaintiff had not suffered an atypical and significant hardship, nor were the basic conditions of his sentence affected; (3) neither plaintiff's placement in segregation nor his loss of good time implicated a protected liberty interest; (4) defendant Kathleen Baxter did not violate plaintiff's rights by refusing to copy an exhibit for plaintiff; (5) plaintiff failed to demonstrate any injuries arising out of defendants' alleged limitations on his legal

2

materials while in segregation; (6) plaintiff had no right to dictate how his property was inventoried or stored while in segregation; (7) plaintiff failed to demonstrate that the conditions in segregation were serious enough to rise to the level of constitutional violations; and (8) plaintiff failed to provide sufficient facts to support his allegation that inmates were retaliated against for filing lawsuits. The magistrate judge recommended that summary judgment be granted in favor of defendants.

Plaintiff filed a motion for extension of time to file objections to the magistrate judge's recommendation, which was granted. Plaintiff then filed a second motion for extension of time the day after the first extension expired. This motion was not ruled on by the district court. The district court issued a written order adopting the recommendation of the magistrate judge and granting summary judgment in favor of defendants. The court noted that plaintiff had failed to file specific written objections to the magistrate judge's recommendation. Nevertheless, the district court conducted a de novo review of the magistrate judge's findings and found that even if plaintiff had filed objections, summary judgment in favor of defendants would have been appropriate. Plaintiff then filed a third motion for extension of time to file objections. The district court did not rule on this motion.

On appeal, plaintiff claims he attempted to file timely objections to the magistrate judge's recommendation, but was unable to do so prior to expiration of the first extension. In particular, plaintiff claims his objections were lost in the United States mail, and were eventually located and returned to him. He contends the district court erred by granting summary judgment in favor of defendants without the benefit of his objections.

We have reviewed plaintiff's objections (which were attached as an exhibit to his

3

opening appellate brief) and find no basis for disturbing the district court's decision.  As for the district court's implicit denial of plaintiff's second and third motions for extension of time, we find no abuse of discretion.  <u>See generally</u> <u>Buchanan v. Sherrill</u>, 51 F.3d 227, 228-29 (10th Cir. 1995).

We AFFIRM the order of the district court for substantially the same reasons set forth in its order of November 14, 1995.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4